IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL RESNICK, JR., et. al.          )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )   Civil Action No. 09-893
                                    )
                                    )
LOWER BURRELL POLICE                )
DEPARTMENT, et. al.,                )
                                    )
          Defendants.               )

MEMORANDUM

Gary L. Lancaster,
Chief District Judge.                      January  9, 2010

          This is an action in civil rights under the Civil

Rights Act of 1871, 42 U.S.C. § 1983.  Plaintiffs allege that

defendants, the Lower Burrell Police Department, Chief of Police

Tracy Lindo and Office John Doe, violated their rights under the

United States and Pennsylvania constitutions by failing to

provide adequate police protection from Paul Lee Lane, a neighbor

and private citizen.  Plaintiffs seek monetary damages and

attorneys fees.  Defendants respond with a Federal Rule of Civil

Procedure 12(b)(6) motion to dismiss.  Defendants contend that,

inter alia, plaintiffs fail to allege the violation of a

constitutional right.

          For the reasons to follow, we grant the defendant's

motion to dismiss.

I. Factual background

        The following facts as alleged by the plaintiffs are
taken as true.

        On July 8, 2007, Paul Lee Lane, a resident of Lower
Burrell, threatened, harassed and bullied the plaintiffs, and
vandalized their property, causing approximately $1850 in damage.
Plaintiffs contacted defendants seven times before an officer
responded to their complaints.  At that point, defendants issued
a citation to Mr. Lane.  However, defendants refused to issue a
police report documenting Mr. Lane's wrongdoing.

        On August 14, 2007, a summary trial was held before a
local magistrate judge.  The police officers did not attend the
trial.  As a result, Mr. Lane did not receive any punishment for
his actions, nor was he ordered to pay for the damage he caused.
The magistrate judge instead instructed plaintiffs to be "good
neighbors."  At no point did defendants ever issue a police
report.

        Since that time, Mr. Lane has continued to harass
plaintiffs in unspecified ways.  Plaintiffs have contacted the
police for help, however, the police have continually ignored
their calls.


II. Standard of review

        In considering a Rule 12(b)(6) motion, we must be

                                  2

mindful that federal courts require notice pleading, as opposed
to the heightened standard of fact pleading.  Federal Rule of
Civil Procedure 8(a)(2) requires only "'a short and plain
statement of the claim showing that the pleader is entitled to
relief,' in order to 'give the defendant fair notice of what the
. . . claim is and the grounds on which it rests.'"  <u>Bell
Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007) (quoting
<u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

        To survive a motion to dismiss, plaintiff must allege
sufficient facts that, if accepted as true, state "a claim to
relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129
S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 at 570)).  A claim
has facial plausibility when a plaintiff pleads facts that allow
the court to draw the reasonable inference that the defendant may
be liable for the misconduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949.
However, the court is "'not bound to accept as true a legal
conclusion couched as a factual allegation.'"  <u>Iqbal</u>, 129 S.Ct.
at 1950 (quoting <u>Twombly</u>, 550 U.S. at 555)); <u>see</u> <u>also</u> <u>Fowler v.
UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

        Therefore, when deciding a motion to dismiss under Rule
12(b)(6), we apply the following rules.  The facts alleged in the
complaint, but not the legal conclusions, must be taken as true
and all reasonable inferences must be drawn in favor of
plaintiff. <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Twombly</u>, 550 U.S. at 555.

3

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits.  <u>Twombly</u>, 550 U.S. at 556, 563 n.8.  Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  <u>Id</u>. at 556.  In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief.  <u>Id</u>. at 563 n.8.

III. <u>Discussion</u>

It is on this standard that the court has reviewed defendants' motion.  Although plaintiffs bring a claim under § 1983, that statute "does not create substantive rights; rather it merely provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws."  <u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 505 (3d Cir. 2003); <u>see also</u> <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 816 (1985).  Thus, the initial question in a § 1983 action is "'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  <u>Donahue v. Gavin</u>, 280 F.3d 371, 378 (3d Cir. 2002) (quoting <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 841 n. 5 (1998)).

Plaintiffs do not identify what particular federal constitutional right has been violated.  This is unsurprisingly, because under the facts of this case, no such right is

4

implicated.  Plaintiffs essentially allege that the Lower Burrell
police have failed to stop a private citizen from harassing them
and doing damage to their property.  Plaintiffs seemingly contend
that they have a constitutional right to be free from criminal
activity, and that the local police are the guarantors of that
right.    That proposition is not supported by the constitution or
the jurisprudence interpreting it.

        In Burella v. Philadelphia, 501 F.3d 134 (3d Cir.
2007), appellant brought a § 1983 claim against the City of
Philadelphia and its police department, alleging due process and
equal protection violations for their failure to enforce
restraining orders and to protect her from her abusive husband.
The United States Court of Appeals for the Third Circuit held
that, whether framed as a substantive due process or a procedural
due process right, appellant did not have a "cognizable claim
that the officer's failure to enforce the orders of protection
violated her due process rights."  Id. at 140-47.  In essence,
the Court found that Burella did not have a "constitutional right
to police protection."  Id. at 140.  Likewise, the Supreme Court
has found that "nothing in the language of the Due Process Clause
itself requires the State to protect the life, liberty, and
property of its citizens against invasion by private actors."
DeShaney v. Winnebago County Dept. of Social Services, 489 U.S.
189, 195 (1989).  Rather, the Court observed that "[t]he Clause

is phrased as a limitation on the State's power to act, not as a guarantee of certain minimum levels of safety and security." Id. Therefore, "[i]f the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." Id. at 196-97.

In summary, the state has no constitutional mandate and obligation to ensure that plaintiffs are free from harassment by their neighbor, a private citizen. Plaintiffs do not contend that the state has done anything affirmatively to place them in harms' way. At no point do plaintiffs allege that defendants' actions were based on their status as members of a protected class. Because plaintiffs' claims do not implicate a federal constitutional right, the court will grant defendants' motion to dismiss the § 1983 claim.

VI. State law claims

In addition to their federal claim, plaintiffs have brought state claims against defendants. The court must, therefore, consider whether to entertain those state law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is designed to permit the parties to resolve, in one judicial proceeding, all claims

6

arising out of a common nucleus of operative fact, without regard to their federal or state character. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration. See O'Brien v. Ed Donnelly Enterprises, Inc. 575 F.3d 567, 580 (6th Cir. 2009) (purpose of supplemental jurisdiction is "to facilitate the resolution of claims that are so closely related to claims for which federal jurisdiction originally lies that the supplemental claims are part of the same case or controversy as the claim independently invoking federal jurisdiction.").

Where the district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The primary justification for exercising supplemental jurisdiction, however, is absent if the substantive federal claim is no longer viable.

There is no bright line rule for determining whether a supplemental state law claim should be dismissed when the federal

7

law claims have been eliminated before trial. The Supreme Court has made clear, however, that the balance of factors, <u>i.e.</u>, judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).

Where the district court declines to exercise supplemental jurisdiction, the proper course is for the court to dismiss the state law claims, without prejudice. <u>See</u> <u>Englert v. City of McKeesport</u>, 872 F.2d 1144, 1152-53 (3d Cir. 1989) (referring to "pendent" state law claims); <u>Lovell Mfg. v. Export-Import Bank</u>, 843 F.2d 725, 734-35 (3d Cir. 1988) (referring to "pendent" jurisdiction).

The court finds that the balance of factors points toward declining to exercise jurisdiction over plaintiff's supplemental state law claim. Therefore, plaintiff's state law claim is dismissed, without prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL RESNICK, JR, et. al.        )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )    Civil Action No. 09-893
                                 )
                                 )
LOWER BURRELL POLICE             )
DEPARTMENT, et. al.,             )
                                 )
          Defendants.            )

ORDER

An now, on this 8 day of January, 2010, it is HEREBY
ORDERED that defendants' motion to dismiss is GRANTED, without
prejudice to plaintiffs' right to file their state law claims in
the appropriate state court.

By the court,

Gary L. Lancaster

cc:  All parties of record